# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**MELBERLENE B. ROSS, on behalf**                    **PLAINTIFFS**
**of herself and all others similarly situated**

**V.**                                              **CASE NO. 1:02CV390**

**NORTH MISSISSIPPI HEALTH SERVICES, INC.;**
**NORTH MISSISSIPPI MEDICAL CENTER, INC.;**
**NORTH MISSISSIPPI SURGERY CENTER, INC.;**
**and TUPELO SERVICE FINANCE, INC.**                        **DEFENDANTS**

## MEMORANDUM OPINION

This cause comes before the Court on the defendants' motion to dismiss or in the alternative for summary judgment [68-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiff is Melberlene Ross, a Mississippi resident. The defendants are several Mississippi health care corporations and Tupelo Service Finance, Inc. ("TSF"), a Mississippi entity assigned rights by the other defendants to pursue debts owed to them in court. Ross has filed this class action suit against the defendants alleging claims under the Racketeering Influenced and Corrupt Organizations Act ("RICO") and the Federal Fair Debt Collection Practices Act ("FDCPA"), as well as various state law claims. The complaint alleges that the defendants had instituted a practice of "balance billing" to increase their profits. According to the complaint, balance billing refers to the practice of billing patients for the amount which should have been credited to their accounts pursuant to agreements between the defendants and various health care providers, and this alleged practice would constitute billing fraud.

The defendants deny that they have engaged in any fraudulent activity, and instead aver that

Ross's bills were inadvertently inflated due to a clerical error, and that this error had also affected the bills of other patients which caused all the patients who received care at the Northeast Mississippi Medical Center to receive the wrong discount and be later billed for the difference. However, the defendants apparently did not identify this clerical error until discovery began in the instant action. Previously, the defendants, acting through the Tupelo Finance Service, filed a civil suit against Ross to recover money she allegedly owed the defendants, and the Lee County Justice Court entered a judgment against Ross in the amount of $196.48. That judgment was dismissed on appeal.

The defendants now seek summary judgment on both the RICO and FDCPA claims and dismissal of the state law claims for lack of subject matter jurisdiction.

## **ANALYSIS**

A motion to dismiss requires the Court to accept all the allegations of the complaint as true and to view all facts in the light most favorable to the non-movant. Miller v. Medical Center, 22 F.3d 626, 628 (5th Cir. 1994). The Court should dismiss a claim only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

I.  THE RICO CLAIMS.

In her response brief, Ross has announced that she is abandoning her civil RICO claims. Accordingly, the motion to dismiss is GRANTED as to this issue.

II. THE FDCPA CLAIMS.

The statute of limitations for a FDCPA claim is contained within 15 U.S.C. § 1692k(d), which states in its entirety: "An action to enforce any liability created by [the FDCPA] may be

brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). In this case, however, the parties disagree, however, on when the one-year time limit begins to run in this case. The complaint in the instant case was filed on October 25, 2002. Ross argues that the statute began to run on November 7, 2001, which was the day on which the defendants received a civil judgment against her in the Lee County Justice Court. The defendants, on the other hand, argue that the statute began to run at the latest on one of the following two dates:

1. April 27, 2000, which was the last day on which she received written correspondence from any named defendant which could be termed a collection letter. (See Lee v. Security Check, LLC, 203 F.Supp.2d 657, 658 (N.D. Miss. 2000)("[T]the one-year limitation period under § 1692k(d) has been construed to run from the date that a collection letter is placed in the mail, rather than the date when the letter is received because the mailing date is the last opportunity for the collector to comply with the FDCPA")), or

2. June 11, 2001, which was the date on which process was served on Ross in the Justice Court suit. (See Johnson v. Riddle, 305 F.3d 1107, 1113-14 (10th Cir. 2002)(holding that where plaintiff bases FDCPA claim on lawsuit to collect debt, no violation occurs within meaning of § 1692k(d) until plaintiff has been served)).

There appears to be no Fifth Circuit precedent directly on point. However, the general rule among the circuits appears to be that the statute of limits on FDCPA claims begins to run on the date of the last opportunity for the putative debt collector to comply with the FDCPA. Johnson, 305 F.3d at 1113 n.4; Lee, 203 F.Supp. 2d at 658. See also Naas v. Stolman, 130 F.3d 892, 893(9th Cir. 1997); Mattson v. U.S. West Communications, Inc., 967 F.2d 259, 261 (8th Cir. 1992); Maloy v. Phillips, 64 F.3d 607 (11th Cir. 1995). In contrast, Ross cites no authority for her position that the statute of limitations did not begin to run until a judgment was entered against her in Justice Court,

an action which, in any event, was performed by the Justice Court itself rather than any defendant.

The Court agrees with the position of the defendants that June 11, 2001, the date on which Ross was served in the Justice Court suit, represented the last opportunity for the defendants to comply with the FDCPA. Consequently, even if Ross's claims are valid, her suit was filed well after the one-year statute of limitations for FDCPA claims had run. Accordingly, the motion to dismiss is granted as to this issue.

III.     THE STATE LAW CLAIMS.

As summary judgment has been granted with regard to all federal claims, the Court declines to exercise its pendent jurisdiction over Ross's remaining state law claims, which are dismissed without prejudice.

## **CONCLUSION**

Based on the foregoing analysis, it is hereby ORDERED that the defendants' motion to dismiss is GRANTED and this case is DISMISSED. A separate order to that effect shall issue this day.

This is the 27th day of January, 2006.

    **/s/ Michael P. Mills**
**UNITED STATES DISTRICT JUDGE**